UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

WAYNE JEFFERS, Plaintiff, v. MARIE THERESE DOMINGUEZ, in her individual capacity, Commissioner of the New York State Department of Transportation, Defendant. Case No. _____ PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I. Introduction

Plaintiff Wayne Jeffers respectfully moves this Court for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Immediate relief is necessary to prevent further obstruction, deterioration, and destruction of the historic Hastings-on-Hudson gas station site along the Saw Mill River Parkway south of Farragut Parkway, pending resolution of this action.

II. Legal Standard

Under Fed. R. Civ. P. 65, a TRO and preliminary injunction may issue when the movant demonstrates:

1. Likelihood of success on the merits;
2. Irreparable harm absent relief;
3. Balance of equities tipping in the movant's favor; and
4. That the injunction serves the public interest.

III. Irreparable Harm

Plaintiff will suffer irreparable harm absent immediate injunctive relief. The Hastings-on-Hudson historic gas station site is a unique and irreplaceable cultural resource. Once further deterioration occurs, the damage cannot be remedied by monetary compensation or future restoration efforts. Courts have consistently recognized that the destruction of historic property constitutes irreparable harm because such loss is permanent and cannot be adequately measured in financial terms.

- **Physical Deterioration**: The site has already suffered significant neglect, including driveway obstruction, unchecked vegetation growth, and structural decay. Each passing day without intervention accelerates deterioration, making eventual preservation impossible.

- **Loss of Historic Integrity**: The station represents a rare surviving example of early 20th-century roadside architecture. Continued obstruction and neglect will permanently compromise its historic integrity.

- **Community Impact:** The site is of public importance to the Hastings-on-Hudson community and Westchester County. Its destruction would deprive the public of a shared cultural heritage.
- **Inadequacy of Legal Remedies:** Monetary damages cannot restore a historic structure once lost. Only immediate injunctive relief can preserve the status quo and prevent irreversible harm.

IV. Public Interest

Granting injunctive relief strongly serves the public interest. The Hastings-on-Hudson site represents shared cultural and architectural heritage for the residents of Westchester County and the broader community along the Saw Mill River Parkway.

- **Preservation of Heritage:** The site embodies early 20th-century roadside architecture and reflects the evolution of transportation and commerce in New York State.
- **Community Benefit:** Protecting the site ensures that current and future generations can learn from and enjoy this historic resource.
- **Government Accountability:** Enjoining NYSDOT from further obstruction or neglect promotes transparency and accountability in the stewardship of public resources.
- **Balance Against Harm:** The requested relief imposes minimal burden on Defendant, while safeguarding a unique cultural asset for the community.

V. Relief Requested

Plaintiff respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction:

1. Enjoining Defendant NYSDOT and its agents from obstructing, altering, or permitting further deterioration of the Hastings-on-Hudson historic gas station site;
2. Requiring Defendant to take immediate preservation measures to maintain the status quo;
3. Preserving the site until final judgment in this matter.

VI. Proposed Order

IT IS HEREBY ORDERED that Defendant NYSDOT and its agents are temporarily restrained from obstructing, altering, or permitting further deterioration of the Hastings-on-Hudson historic gas station site pending further order of this Court.

VII. Conclusion,

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Temporary Restraining Order and Preliminary Injunction.

Respectfully submitted, _Wayne G.H. Jeffers_  Wayne Jeffers, Pro Se

36 Madeline Avenue, P.O. Box 51, Verplanck, New York 10591

914-760-2089

December 1, 2025

Plaintiff moves for a temporary restraining order and preliminary injunction against the New York State Department of Transportation ("NYSDOT"), which is not a defendant in this case. In support of such a motion, a plaintiff must offer "specific facts" which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1) (emphasis added). Plaintiff offers no specific facts as to the immediacy of any harm or even suggestions that anything about the status quo of the gas station building for the decades it has been unoccupied will change, except a conclusory allegation that "[e]ach passing day without intervention accelerates [its] deterioration." (Mot. 1 (Dkt. No. 4)). That does not mean its irreparable destruction is very likely happening immediately. Nor does Plaintiff offer any specific facts that the alleged harm from the gas station's deterioration is irreparable, or would harm him in any concrete way. His argument as to irreparability is that the gas station building is "a unique and irreplaceable cultural resource" and part of the community's "cultural heritage," but Plaintiff provides no facts, specific or otherwise, to support these allegations. And Plaintiff's own historical and architectural interest in the site is a form of harm that "while irreparable in the abstract, is too speculative to warrant relief." Blyer ex rel. N.L.R.B. v. One Stop Kosher Supermarket, Inc., 720 F. Supp. 2d 221, 226 (E.D.N.Y. 2010); see Glacier Park Found. v. Wyatt, 663 F.2d 882, 884 (9th Cir. 1981) ("The Foundation's allegations of irreparable harm to the environment and historical values are unsubstantiated."). Plaintiff also fails to explain why any harm from further steady deterioration is not literally reparable, since the Complaint notes Plaintiff planned to spend money to remediate the site if the DOT had issued him a permit, (see Compl. 2 (Dkt. No. 1)). JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990) ("Irreparable injury is one that cannot be redressed through a monetary award."). Finally, Plaintiff had to "certif[y] in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). He did not. For all these reasons, his motion for a temporary restraining order is denied.

Plaintiff's motion for a preliminary injunction is also denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, 55 U.S. 7, 20 (2008). As discussed above, Plaintiff does not show irreparable harm. Plaintiff is also unlikely to prevail on the claims in his Complaint. First, because he is suing the DOT Commissioner in her individual capacity, he must allege her personal involvement in the conduct giving rise to his Complaint, which precedes her tenure by decades—and he does not. See Channer v. Murray, 247 F. Supp. 2d 182, 188 (D. Conn. 2003) (holding in an individual capacity suit, a "plaintiff must demonstrate the defendant's direct or personal involvement in the actions that are alleged to have caused the" harm (citations omitted)). Second, the facts alleged in the Complaint indicate Plaintiff's claims accrued in the 1990s, so today is well beyond the statutes of limitations for any of his claims. He argues the limitations periods should be equitably tolled because a case he timely filed, which settled in 2001, should be reopened "based on fraud, misrepresentation, and new evidence," but he offers none of that new evidence, nor explains what fraud or misrepresentation occurred there. (Compl. 3 (Dkt. No. 1).) "Because Plaintiff[] ha[s] not shown irreparable harm or a likelihood of success on the merits, [his] motion for a preliminary injunction is DENIED." Kane v. De Blasio, 575 F. Supp. 3d 435, 443 (S.D.N.Y. 2021).

So ordered.

_/s/ KMK_

12/3/2025