UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE JEFFERS,

*Plaintiff*,

v.

MARIE THERESE DOMINGUEZ,

*Defendant*.

No. 25-CV-9950 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff brought this Action on December 1, 2025. (*See* Compl. (Dkt. No. 1).) A Summons was issued as to Defendant Marie Therese Dominguez the same day. (*See* Dkt. No. 5.) Although Defendant is the Commissioner of the New York State Department of Transportation, Plaintiff initially sued Defendant in her individual capacity. (*See* Compl. 1 (Dkt. No. 1).) In its December 3, 2025, Order denying Plaintiff's Motion for TRO and Motion for Preliminary Injunction, the Court informed Plaintiff that "because he [was] suing the DOT Commissioner in her individual capacity, he must allege her personal involvement in the conduct giving rise to his Complaint, which precedes her tenure by decades—and he does not." (*See* Order 3 (Dkt. No. 6).) On April 17, 2026, Plaintiff filed an Amended Complaint in which he seeks to sue Defendant in her official, rather than individual, capacity. (*See* Am. Compl. 1 (Dkt. No. 7).)[1]

[1] Although Plaintiff was not given leave to amend his Complaint, in light of Plaintiff's pro se status, the Court will allow Plaintiff to proceed with his Amended Complaint. *See Joachin v. AIG*, No. 24-CV-4335, 2025 WL 1127175, at *1 (S.D.N.Y. Apr. 16, 2025) ("The Second Circuit has admonished district courts to afford pro se plaintiffs special leniency." (emphasis omitted) (citing *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009)); *Huan v. Fauci*, No. 22-CV-7392, 2024 WL 1181476, at *2 (E.D.N.Y. Feb. 12, 2024) (outlining the "special

On October 2, 2026, the Court ordered Plaintiff to "show cause, within fourteen days of receipt of [the] Order, as to why this case should not be dismissed for failure to prosecute or for failure to timely serve Defendant" and advised Plaintiff that "[t]he Court may dismiss this case without further notice in the event that good cause is not shown." (*See* Order 1–2 (Dkt. No. 9).) That Order was mailed to Plaintiff on October 20, 2026. (*See* Dkt. (docket entry for October 20, 2026).) On October 27, 2026, Plaintiff filed an Affidavit of Service which states that the "Amended Complaint for Declaratory and Prospective Injunctive Relief with Exhibits" was served on the New York State Attorney General on Thursday, April 16, 2026. (*See* Aff. of Service 1 (Dkt. No. 10).) That same day, Plaintiff submitted a Letter informing the Court that he received its Order on October 26, 2026, and requesting that the Court not dismiss his case. (*See* Letter from Plaintiff to Court (Oct. 27, 2026) 1 (Dkt. No. 11).)

The Affidavit of Service filed by Plaintiff on October 27, 2026, does not establish that service was properly completed. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." *Narayanan v. Garland*, 22-CV-5661, 2023 WL 6307872, at *5 (E.D.N.Y. Sep. 28, 2023) (quoting *Omni Cap. Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Although a Summons issued on December 1, 2025, (*see* Dkt. No. 5), the Affidavit of Service does not indicate that the Summons was served alongside the Amended Complaint, (*see* Aff. of Service 1 (Dkt. No. 10)).

"Under Federal Rule of Civil Procedure 4(j)(2), a state officer sued in her official capacity 'must be served by . . . (A) delivering a copy of the summons and the complaint to [the state agency's] chief executive officer' or '(B) serving a copy of each in the manner prescribed

solicitude" with which courts must approach pro se complaints), *report and recommendation adopted*, 2024 WL 1174538 (E.D.N.Y. Mar. 19, 2024).

by that state's law for serving a summons or like process on such a defendant.'" *Powell v. N.Y. State Dep't of Educ.*, No. 18-CV-7022, 2022 WL 900605, at *10 (E.D.N.Y. Mar. 28, 2022) (quoting Fed. R. Civ. P. 4(j)(2)). If Plaintiff seeks to serve Defendant in a manner prescribed by state law, New York law provides that

> Personal service on a state officer sued solely in an official capacity . . . , which shall be required to obtain personal jurisdiction over such an officer . . . , shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by [making personal service upon the state by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state]. Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state . . . is completed. For purposes of this subdivision, the term "principal office of the agency" shall mean the location at which the office of the chief executive officer of the agency is generally located. Service by certified mail shall not be effective unless the front of the envelope bears the legend "URGENT LEGAL MAIL" in capital letters.

*See* N.Y. C.P.L.R. §§ 307(1)–(2).

Even if the Affidavit of Service reflected that the Summons was served alongside the Amended Complaint, the Affidavit of Service only reflects that service was made on the New York State Attorney General. (*See* Aff. of Service 1 (Dkt. No. 10).) For this to have been effective service, Plaintiff would also have needed to mail the materials "by certified mail, return receipt requested" to Defendant with "'URGENT LEGAL MAIL' in capital letters" on the front of the envelope. *See* N.Y. C.P.L.R. §§ 307(1)–(2). Nothing in Plaintiff's submissions indicates that this was done. (*See* Aff. of Service (Dkt. No. 10); Letter from Plaintiff to Court (Oct. 27, 2026) (Dkt. No. 11).)

Plaintiff is reminded that he is responsible for serving Defendant for this Action to proceed. *See generally* Fed. R. Civ. P. 4; *see also* Fed. R. Civ. P. 4(m) (providing that "[i]f a

defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service must be made within a specified time" unless "the plaintiff shows good cause for the failure"); *Terry v. Village of Ossining*, No. 12-CV-5855, 2013 WL 5952834, at *3 (S.D.N.Y. Nov. 5, 2013) (applying Rule 4 even where the plaintiff was proceeding pro se). To the extent that Plaintiff requires assistance, he may consider consulting the Federal Pro Se Legal Assistance Project run by the City Bar Justice Center. The City Bar Justice Center is not part of or run by the Court but provides free, limited-scope legal services to self-represented litigants with civil cases in this District who cannot afford to hire an attorney. A guide to service of process, which Plaintiff may also find helpful, is attached to this Order.

The Clerk of Court is respectfully directed to issue an amended summons for Defendant. Plaintiff is ordered to complete service no later than 90 days after the date the summons issues. Failure to meet this deadline could result in dismissal of this Action. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff and to the Office of the New York State Attorney General at Managing Attorney's Office, Empire State Plaza, Justice Building, 2nd Floor, Albany, NY 12224.

SO ORDERED.

DATED: November 5, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

United States District Court
Southern District of New York

# SERVICE OF PROCESS IN CASES WHERE THE FEES HAVE BEEN PAID

This guide is intended to be a summary of basic procedures for serving the summons and complaint. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Service of the Summons

### What is a summons?

- A summons is a document notifying a defendant that she is required to participate in a court proceeding.

### What is service?

- "Service" is the type of process a plaintiff utilizes to notify the defendant that she has been named in a complaint and that she is required to appear in court. ***A case cannot proceed until service is complete.***
- The procedures for serving the summons and complaint are described in Rule 4 of the Federal Rules of Civil Procedure.

### How is service completed? Rule 4(e)

- A process server (not the plaintiff) may:
    - deliver a copy of the summons and complaint personally to the defendant;
    - leave copies at the defendant's dwelling with a person over the age of 18 who currently is residing at the defendant's dwelling; or
    - deliver copies to an agent authorized by appointment or by law to receive service of process.
- For information about appropriate process servers, *see* page 3.

- Before attempting in-person service, the plaintiff may consider asking the defendant – whether an individual or a corporation – to accept informal service by mail. This avoids the time and money required of in person service. This is referred to as a "Waiver of Service."

## Waiver of Service – Rule 4(d)

### What is a "Waiver of Service"?

The plaintiff may ask the defendant to accept service of the summons and complaint by mail. This option offers defendants the option of waiving in-person service; in return, the defendant will have 60 days to answer the complaint instead of the 21 days outlined in Rule 12.

### What is the procedure for waiver of service?

- To serve under the waiver of service provision, you must mail to the defendant's address:
    - a copy of the complaint;
    - two (2) copies of the waiver of service form; and
    - a return, self-addressed, postage-paid envelope.
- Service occurs only if the defendant signs and returns the waiver of service form. *The waiver must be filed promptly with the Pro Se Intake Unit.*
- If you have not received this signed form from the defendant within thirty (30) days (sixty (60) days if the defendant is outside of the United States) after the date of mailing to the defendant, then you must have process served by one of the other allowed methods in Rule 4(e).

## Issuance of a summons

### How do I ask for a summons?

- **At the courthouse.** If you pay the fees at the courthouse, you will receive the original summons with the raised seal, and copies of the summons for each defendant. The person who serves each defendant, known as the "process server" (see below for more detailed information), will serve each defendant with the copy of the summons, not the original.
- **By letter.** If you do not pay the fees at the courthouse when you file your complaint, you will need to notify the Clerk of Court that a summons must be issued. To ensure

that a summons is issued immediately upon payment of the fees, a request for the issuance of summons must be filed in your case and addressed to the Clerk of Court.

### If I amend my complaint, do I need a new summons?

- **Maybe.** If you add new defendants, a new summons must be issued. If the Clerk of Court has not issued a summons for a newly named defendant, you must request in writing that a summons be issued

## Extensions of Time – Rule 4(m)

### What is an expired summons?

- If 90 days have passed, from the date on the summons, the summons is "expired." If there is a defendant who has not been served, you will need to ask the assigned judge for an extension of time for service and for an amended summons.

### How do I ask for an extension of time to serve?

- To request an extension of time to serve, you must contact the court by filing a letter, addressed to your assigned judge, with the Pro Se Intake Unit, requesting an extension of time to serve the defendant. In your letter, you should state the reasons why you need more time. The assigned judge has discretion to grant a request for more time if made for "good cause" and can set a new date by which the defendants must be served.

## Process Server

### Who is allowed to be a process server?

- Any person who is 18 or older and not a plaintiff or defendant in the lawsuit, including family members and friends, may serve the summons and complaint. Fed. R. Civ. P. 4(c)(2).
- If you do not have a person to serve on your behalf, you will need to hire a professional process server. This guide refers to the person entrusted with service in your case, whether someone you know or a professional, as a "process server."

### When should I initiate service on the defendant through the process server?

- The process server has 90 days from the date the summons is issued to serve the defendant. Fed. R. Civ. P. 4(m). You should not wait until the end of the 90-day time period to find a process server and serve the defendant; instead, you should start the process as soon as you receive the summons.

## Other Types of Service Permitted: "Nail and Mail"

### What if I cannot serve the defendant in person, at their home, or with an agent?

- New York state law authorizes the "nail and mail" method of service, which authorizes the process server, after attempting service with "due diligence," to (1) tape a copy of the summons and complaint to the door of the defendant's home or office; (2) mail a copy by first class mail to the defendant's home address; and (3) complete a proof of service, which must be filed with the court. N.Y. Civil Practice Law & Rules § 308(4).
    - **Note:** A process server can show due diligence by making three attempts at service at different times of the day.
- If the "nail and mail" method of service is unsuccessful, then you must request permission from the judge, by filing a motion, to effect service by an alternative method of service. N.Y. Civil Practice Law & Rules § 308(5)

## Proof of Service – Rule 4(l)

### What do I do after service has been completed?

- After service has been made, the process server must complete the return of service on the back of the original summons where it says, "declaration of server," affirming under penalties of perjury that service has been made and describing the details of the service.

### What do I do with the original summons?

- Once the original summons with return of service is completed, it must be filed promptly with the Pro Se Intake Unit.

## Serving a Business – Rule 4(h)

### Where do I serve a business, corporation, or partnership?

- An officer or other person authorized by a company to receive process must be served personally. This person can be the president, vice president, or a person specifically designated by the company to receive process. In contrast, a receptionist or secretary may not be authorized by the company to accept service of process, even if that person receives other mail or packages. To determine who is authorized to accept service of process, the process server should call the company to ask who is

authorized or designated to accept service of process for the company. The process server also may contact the New York State Department of State, Division of Corporations, for this information at (518) 473-2492. This information also is available on the New York Department of State's website: dos.ny.gov/instructions-service-process.

- If the process server cannot serve a corporation with the address provided, service may be made on the New York Secretary of State, in Albany, New York, if the corporation is incorporated or licensed to do business in New York State. This is done by delivering, not mailing, the papers to the Secretary of State's office located at 41 State Street in Albany, New York. The process server will still need a working address for the corporation. There is a fee for serving the Secretary of State on behalf of a corporation.

## Serving Unknown Defendants – John and Jane Doe Defendants

### If I do not know the name of the defendant, how do I have that person served?

- You can ask the judge to direct the representation of the defendant to identify the defendant, who is often referred to as a "John Doe" or "Jane Doe" defendant. To make this request, you will need to provide as much identifying information about the Doe defendant, so the representative may identify the individual.
- Once the defendant identifies the John or Jane Does, the Court will issue an Order of Service to serve those new defendants and the USMS will serve those defendants.

## Serving the United States, Federal Agencies, or Federal Employees – Rule 4(i)

When the "United States" is a defendant, the following procedure must be followed:

- Hand-delivery to the United States Attorney for the Southern District of New York, Civil Division (86 Chambers Street, New York, NY); OR
- Hand-delivery to an assistant United States attorney or clerical employee designated by the United States Attorney in a writing filed with the Clerk's Office; OR
- Send a copy of the summons and complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney for the Southern District of New York; AND
- Send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.; AND

- If the complaint challenges the validity of an officer or agency of the United States but that officer or agency is not named as a defendant, send a copy of the summons and complaint by registered or certified mail to the officer or agency.

A federal agency, or federal officer sued in her official capacity, must be served by following this procedure:

- Serve the United States in the manner described above AND
- Send a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

A federal officer sued in his individual capacity – for conduct committed in connection with the performance of duties on behalf of the United States – the following procedure must be followed:

- Serve the United States in the manner described above, AND
- Serve the officer or employee personally

## Serving a State or Local Government – Rule 4(j)

- Hand-delivery to the Chief Executive Officer of the government entity being sued.
- The attorney for the Defendant also may be served. For example, if the City of New York is sued, the New York City Law Department may be served with a summons.

## Serving a Foreign Government or a Defendant in a Foreign Country – Rule 4(j) and Rule 4(f)

- Service on a foreign individual or business may be made pursuant to "any internationally agreed means of service." Fed. R. Civ. P. 4(f)(1),
- If the defendant resides in a country that is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, then service by registered mail may be acceptable.[1]
- If mail service is not successful, service on a designated "Central Authority" in the country where the defendant is located may be required.

## Serving a Minor or Incompetent Defendant

- **Serving a Minor (under 14).** The minor's parent, guardian, custodian, or adult spouse must be served personally.

[1] A list of signatory countries is widely available on the internet.

- **Serving a Minor (under 18).** If the minor is at least 14 years old, the minor's parent, guardian, custodian, or adult spouse must be served AND the minor also must be served personally. N.Y. Civil Practice Law & Rules § 309(a).

## Service of All Other Documents

**What type of service is required after the summons has been served? Rule 5**

- If the defendant is represented, no service is required for documents filed electronically on the Court's electronic case filing system. The attorney for the defendant will receive the document on ECF.
- For defendants representing themselves, you may serve documents on a defendant either in person or by regular mail.
- Defendant's counsel must provide you with a hard copy of the defendant's submissions, either by regular mail or email, if you did not consent to electronic service.

**Can I email the defendant's attorney my discovery?**

- Only if you and the defendant's attorney agreed to serve discovery by email.